IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS ARMANDO PEREZ-MUNOZ, § | | |
| #A34-978-132, § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-1696 | |
| § | | |
| CHARLES ARENDALE, § | | |
| Respondent. § | | |

### ORDER OF DISMISSAL

The petitioner, Luis Armando Perez-Munoz, is presently in custody of the Department of Homeland Security, Immigration and Customs Enforcement Division, at a detention center in Houston, Texas. He seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge an administrative order requiring his removal from the United States. (Doc. #1). He has also filed a motion for a temporary restraining order seeking a preliminary injunction to stay his impending removal. (Doc. #2). For reasons set forth briefly below, the Court concludes that this case must be **dismissed** for lack of subject matter jurisdiction.

**I.     DISCUSSION**

According to the pleadings, the petitioner is a native and citizen of Mexico who was admitted to the United States as a permanent resident in 1975. The petitioner was convicted on October 10, 2002, of felony injury to a child. Although he was initially placed on community supervision, his probation was apparently revoked and he was then sentenced to serve three years of imprisonment in the Texas Department of Criminal Justice. On October 12, 2005, a local immigration judge entered an order of removal against the petitioner after

finding that the petitioner's conviction constituted an aggravated felony as defined by the governing immigration statutes. *See* INA § 101(a)(43); 8 U.S.C. § 1101(a)(43) (defining the term "aggravated felony" for purposes of immigration).

The petitioner appealed the immigration judge's order of removal to the Board of Immigration Appeals (the "BIA"). On February 8, 2006, the BIA affirmed the immigration judge's decision. The petitioner did not file a petition for review with the United States Court of Appeals for the Fifth Circuit within the time allowed, meaning that the order of removal is now final. The petitioner seeks a federal writ of habeas corpus to challenge the removal order entered by the immigration judge and affirmed by the BIA. He also seeks a stay of the removal order pending a review of his petition.

To the extent that the petitioner seeks a stay of the removal order, this Court lacks jurisdiction to grant such relief. It is settled that 8 U.S.C. § 1252(g) deprives federal courts of jurisdiction to entertain claims directed towards the "commencement of proceedings," the "adjudication of cases," or the "execution of a removal order." *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999); *Alvidres-Reyes v. Reno*, 180 F.3d 199, 204 (5th Cir. 1999). Accordingly, the petitioner's request for a stay must be denied.

Likewise, the petitioner cannot invoke the federal habeas corpus statutes in an effort to stay his removal. Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), has amended the immigration statutes governing judicial review, codified at 8 U.S.C. § 1252(a), by adding the following jurisdictional restriction:

> (5) Exclusive Means of Review — Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or

2

>any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) of this section.

This provision applies in all cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of the REAL ID Act. *See* 8 U.S.C. § 1252 note (REAL ID Act § 106(b)). The petitioner in this case plainly seeks review of a final order of removal. Because judicial review of the type sought is precluded by the REAL ID Act, this Court lacks jurisdiction over the petition.

**II.     CONCLUSION AND ORDER**

Based on the foregoing, it is **ORDERED** that this case is **DISMISSED** for lack of jurisdiction and that the petitioner's motion for a temporary restraining order and/or preliminary injunction to stay his removal (Doc. #2) is **DENIED**.

The respondent has filed an expedited motion to dismiss and to deny the stay for lack of jurisdiction. In light of the foregoing, it is **ORDERED** that the respondent's motion to dismiss (Doc. #3) is **MOOT**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **May 19, 2006.**

_____
Nancy F. Atlas
United States District Judge